(Decided April 1st, 1861.)

# WILLIAM SHIPLEY *vs.* JOHN H. CAPLES.

A bill alleging a prescriptive right of way over the defendant's land to a public road and market, and that the complainant has no other outlet whereby to convey his produce to Baltimore, for sale, except by a cir- cuitous and inconvenient route over the lands and by the permission of persons who might, at any time, withhold such permission, makes out case sufficient to warrant an injunction restraining the defendant from further obstructing such way.

APPEAL from the Equity Side of the Circuit Court for Anne Arundel county.

The bill in this case, filed on the 28th of June 1859, by the appellee against the appellant, alleges that the complain- ant is the owner of a market farm about seven miles from the city of Baltimore, and that he and those under whom he claims, from time immemorial, have been accustomed to use a road leading through the lands of the defendant and others, to pass with horses, wagons, carts and servants, to haul pro- duce and other articles to and from Baltimore city, and that this road is, in fact, the only outlet which complainant has whereby to convey his produce to said city; that in July 1858, the defendant closed up this road through his land, by erect- ing a strong fence across the same, thus entirely preventing the complainant from using the same in any manner; that by this stoppage the complainant is compelled to haul his pro- duce to market by a much longer, circuitous and bad road,

by which he is greatly inconvenienced, and subjected to much trouble and loss of time and money, and that the value of his property is greatly deteriorated thereby, and that the road which he is thus compelled to use, passes through lands over which he has no right of way, except by the permission of the parties owning the same, and should this permission be at any time refused, he has no possible outlet from his farm, and no means whereby to convey his produce to market; that the defendant has refused to remove this fence, and still continues to obstruct the road, and that complainant, though he might have a remedy at law against the defendant, by an action for damages for this obstruction, yet the same would be attended with great delay, and would involve a multiplicity of suits for the same cause of action, and he is advised he is entitled to relief in a court of equity. The bill then prays for an injunction restraining the defendant from any further continuance of the obstruction to said road.

The court (BREWER, J.) ordered the injunction as prayed, and the defendant, having first filed his answer, appealed from this order.

The cause was argued before LE GRAND, C. J., TUCK and GOLDSBOROUGH, J.

*Thos. B. Shipley* and *Cornelius McLean,* for the appellant:

The bill does not present a case for the interference of a court of equity, although it is alleged that there is no sufficient legal remedy on account of delay and multiplicity of suits. It is not alleged the appellant is insolvent. It is alleged the supposed road passes through his land, that the fence had been there for a year, and the injunction requires the appellant, upon the mere affidavit of the complainant, without any evidence of title on his part, to pull it down, and probably expose his crops. If such an injunction could be granted on such a bill, no man's crops would be safe. But it is apparent, in this case, that the complainant has full and complete remedy at law, and, if so, he is not entitled to an injunction. 4 *Gill,* 34, *Hamilton vs. Ely.* A road in an

agricultural district is not the same thing, and does not present the same case of injury, as a street in a city. 1 *Md. Rep.*, 548, *White vs. Flannigain.* Courts ought to use great caution in the exercise of such a jurisdiction over nuisances, as prevents the enjoyment and improvement of property. 2 *Story's Eq.*, *sec.* 924, *note.* At any rate, the injury must be such and appear such as cannot be adequately compensated at law. 2 *Story's Eq., sec.* 925. In this State every man can have a private road by paying for it, *( Code, page* 179,) and here, then, is a remedy and the measure of damages. If a man can be required to pull down his fence, which he has erected on his own land, upon the say so of his neighbor, that he has a right of way, and without the right of answer before it is done, who is safe? In cases of this sort, the true course of the court is to let in the answer as to what has been done, and if the case justify it, give the injunction as to the future. The object of a preliminary injunction is to preserve every thing in the condition in which the parties are at the time of filing the bill, and not to undo any thing. 2 *Bland*, 461, *Murdock's case.* The defendant ought always to be heard, before imputed wrong can be removed, or any thing like retributive justice administered. The injunction was certainly wrong, in so far as it required the appellant to undo what had been done a year before, in the improvement of his own property.

*Jas. S. Franklin,* for the appellee:

At this stage of the proceedings the sole inquiry is, whether the complainant, *upon the face of his bill,* has presented such a case as entitled him to the injunction prayed for and granted? In *Amelung vs. Seekamp,* 9 *G. & J.,* 468, the court intimate that if the averment "that he had no other reasonably convenient outlet for his mill," had been made, the bill would have presented a proper case for an injunction. This bill contains the averment that the road obstructed by the defendant is his *only outlet to market;* and should those by whose bare permission he now has a much longer and more circuitous route, withdraw that permission, he would be *abso-*

*lutely* without the means of transporting his produce to market. This obstruction, then, is plainly charged in the bill as not only deteriorating the value of the farm of the complainant, especially as a *market farm*, but absolutely goes to the *destruction of the estate; i. e.*, it destroys the *right of way* as charged to have been held and exercised. 1 *Md. Rep.*, 545, *White vs. Flannigain.* It is no answer to the remedy sought by the complainant to say that he can have a private road *by paying for it.* The court will at once perceive that the provisions of the Code referred to, contemplate an *original demand*, uncoupled with any *pre-existing right*, and that compensation for such a right is to be paid to the party through whose land such road is to pass. It is, in fact, *compulsory process.* This bill shows a case of existing right, and of title by prescription in the complainant and others. To apply the Code to such a case, would be to compel the complainant to pay anew for what is already his, and to compensate the defendant for his illegal usurpation as a wrong-doer.

Tuck, J., delivered the opinion of this court.

We are of opinion that this case is fully within the doctrines established in *Amelung vs. Seekamp*, 9 *G. & J.*, 468, and frequently applied in other cases by this court. There the complainant sought to have removed obstructions from a private road leading to his mills. Here the party claims a prescriptive right of way over the defendant's land, from his own farm to a public road and market. It was objected, in *Seekamp's case*, that his bill did not show that he had no other reasonably convenient outlet from his mills, and that by the obstruction a valuable portion of his custom would be driven from them. This bill appears to have been prepared to obviate that objection, by stating an immemorial right to the road, and that the complainant had no other outlet whereby to convey his produce to Baltimore, for sale, except by a circuitous and inconvenient route over the lands and by permission of persons who might at any time withhold such permission; which, we think, is quite sufficient to show the irreparable mischief complained of.

This can hardly be called a trespass; the act enjoined was committed on the defendant's own land.  If the party were put to a different form of action, it is difficult to perceive a clear rule for the measure of damages.  It was said, in argument, that the cost of procuring a private road under the law would furnish a standard, but, conceding that principle, if the complainant, as we must assume at this hearing, has a right to the present road, it would be unjust to allow the defendant to place him in a predicament where he might be obliged to take such other as the commissioners, in their discretion, might think proper to locate for his use.  That would be, not allowing compensation for the injury complained of, but to change his rights altogether.  If he is entitled to the use of this road, the law will not allow another person so to act as to deprive him of it, and compel him to resort to another.  Besides, every day's obstruction would be a new ground of action, and to follow up his legal remedy by constantly suing, might involve more certain ruin than the loss of the road; to prevent such vexatious proceedings at law, is one of the grounds on which equity is clothed with the jurisdiction which we think has been properly exercised in the present instance.

*Order affirmed.*

(Decided April 1st, 1861.)