## Cake *versus* Philadelphia and Erie Railroad Co.

<div style="float:right">

87  307
128  634

87    307
26 SC 102
26 SC 104

</div>

1. No right of appeal, from an award of viewers to appraise damages, was given to either party, under the charter of the Philadelphia and Erie Railroad Company and its supplements.

2. It was not until the Act of April 14th 1864, that the legislature authorized the taking of a public street or alley for the use of the Philadelphia and Erie Railroad Company, and made provision for damages resulting therefrom.

3. The word "property," in the Act of July 22d 1864, does not include public highways.

June 14th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Northumberland county*: Of May Term 1878, No. 192.

The proceedings arose as follows: Joseph W. Cake was the owner of a tract of land adjoining the town of Sunbury, and laid out a portion of it in town lots and alleys, and had a draft of the same made on which the streets were named. A number of these lots were sold, and Henry L. Cake, the plaintiff, became the purchaser of thirteen, which constituted a square, bounded on the east by an alley twenty-five feet wide. Each lot was twenty-five feet wide, and extended back from Railroad avenue one hundred and twenty-five feet to this alley. In 1866 the plaintiff built on this square five blocks of two houses each, fronting on Railroad avenue. In 1870 the Philadelphia and Erie Railroad Company needing an additional siding, constructed it upon and along the twenty-five feet alley, by making an embankment upon it from four to seven feet high, where the east side of the square owned by the plaintiff fronts upon the alley, and thereby completely obstructed the said alley and prevented all passage along it, by or to the said lots. Before and ever since the defendant constructed this embankment and siding, the said alley and the plaintiff's square of lots were in the borough of Sunbury. By the Act of April 3d 1837, Pamph. L. 170, incorporating the defendant company, they were required to construct their railroad so as not to impede or obstruct the free use and passage of any public road which might cross or enter the same; but in case the railroad should cross or interfere with any existing public road, then the railroad was required to make a good and sufficient causeway or bridge.

[Cake *v.* Philadelphia, &c., Railroad Co.]

By sect. 5 of the supplement to this act, which was enacted March 27th 1852, the company obtained the right to change the site of a public road, where necessary, and was required to reconstruct the same in as perfect a manner as the original road, and to pay the damages resulting from the change of location.

By the Act of April 14th 1864, the tenth and eleventh sections of the General Railroad Law of February 19th 1849, were extended to this company, whereby it was allowed to occupy a street or alley, provided it made compensation to owners of adjoining property for damages occasioned by excavations or embankments.

The Act of July 22d 1864, provided: "That it shall and may be lawful for the Philadelphia and Erie Railroad Company to take and appropriate such property, however occupied, as they may deem expedient for the use and construction of depots, sidings, turn-outs, water-ways, work-shops and other improvements along or immediately connected with their line, that may in their opinion be needful for the prosecution of the business to be done on the said Philadelphia and Erie Railroad. Provided always, that the full amount to be paid for the property so taken shall be assessed, paid for or secured, as provided by the charter of the Philadelphia and Erie Railroad Company, and all laws inconsistent herewith be and the same are hereby repealed."

Under the provisions of the Act of April 14th 1864, viewers were appointed to assess the damages to the property of Cake, who awarded him $5600.

The company appealed, and the plaintiff took a rule to show cause why the appeal should not be stricken off, contending that it should be, "because neither of the provisions of the Act of Assembly, approved the 3d day of April 1837, entitled 'An Act to incorporate the Sunbury and Erie and Pittsburgh and Susquehanna Railroad Companies,' in Pamph. L. 1836, 1837, pp. 170–185, by virtue of which the said The Philadelphia and Erie Railroad Company was incorporated, nor of any supplements thereto subsequently passed, nor of the tenth and eleventh sections of the Act of Assembly, approved the 19th day of February 1849, entitled 'An Act regulating railroads,' which were extended to the said The Philadelphia and Erie Railroad Company by an Act of Assembly approved the 14th day of April 1864, entitled 'An Act relating to the Philadelphia and Erie Railroad,' in Pamph. L. 1864, p. 414, nor of any other Act of Assembly of the Commonwealth of Pennsylvania, give an appeal from the report of viewers appointed to assess damages arising from the construction of the railroad of the said The Philadelphia and Erie Railroad Company, and therefore because the court has no jurisdiction of the said appeal from the said report of the said viewers."

This rule the court discharged, and at the trial the company contended that it had never accepted the provisions of the Act of

April 14th 1864, and that if it had, said act was repealed by the Act of July 22d 1864.

In the general charge, the court, Rockefeller, P. J., inter alia, said :

" It (Act of April 14th 1864) is a special act relating to the Philadelphia and Erie Railroad Company, and, in my judgment, the weight of reason, and certainly the weight of authority, is that the legislature had no power to enact it without the consent or assent of the railroad company. If the act had been accepted or assented to by the company it would be binding upon them, and if there was any evidence in the case from which you could infer that the company ever assented to the passage of this law, or accepted its provisions, then the court would permit you to make such an inference. I do not know of any evidence in the case whatever, that has a tendency to show that the railroad company ever assented or consented to the passage of this act, or ever accepted any of its provisions after it was passed, and the officers of the company for the time being, whose depositions you heard read, swear that this act never was accepted by the railroad company. * * *

" This being our view of this case, we instruct you, as a matter of law, that your verdict must be in favor of the defendant."

After a verdict in accordance with this instruction, the appellant took this writ, assigning for error, inter alia, the refusal to strike off the appeal and the portion of the charge noted above.

*J. A. Cake* and *Joshua W. Comly*, for plaintiff in error.—If the Act of Assembly of the 14th of April 1864, is unconstitutional and void, the court below erred in not striking off the appeal from the report of viewers. No Act of Assembly was shown authorizing an appeal, and it was not alleged that any existed. The jurisdiction of the court to take cognisance of the cause depended upon the question, whether the Act of April 14th 1864, extended the eleventh section of the Act of 19th February 1849, to the defendant, and if it did not, there was no pretence to the right of appeal.

The contention of the counsel for the company is, that the words " such property, however occupied," in the Act of July 22d 1864, included streets and alleys, and justified the construction of the siding on the alley in question, and that as no part of the embankment extended upon the lots of this plaintiff, he had no claim for damages. If this is the correct construction of this act, it necessarily follows that the company have the right to take and appropriate any streets, alleys, pavements, sidewalks or public roads in Sunbury or Erie, or in any other city, borough, village or township from Sunbury to Erie, which lies, " along or immediately connected with their line,, and erect thereon such depots, sidings, turnouts, water-ways, workshops and other improvements," as they may may deem expedient.

It is unreasonable to suppose that the legislature intended a grant, the exercise of which would produce results so injurious to the public. Such grants must be construed strictly in favor of the public: Packer *v.* Sunbury & Erie Railroad Co., 7 Harris 211; Commonwealth *v.* Central Passenger Railway, 2 P. F. Smith 506; Johnson *v.* Philadelphia, 10 Id. 445. Nor is there any provision in the charter of the defendant for the assessment of the value of any part of any highway taken for railroad purposes, or for the payment of such value to any person. The Act of April 14th 1864, did not impair any contract between the state and the company and was constitutional: Erie & North East Railroad Company *v.* Casey, 2 Casey 287.

*H. T. Beardsley, William C. Packer* and *J. B. Packer*, for defendant in error.—It ought to be regarded as settled in Pennsylvania that the legislature may authorize the location and construction of a railroad upon a public street or highway: Commonwealth *v.* Erie & N. E. Railroad Co., 3 Casey 354; Mercer *et al. v.* Pittsburgh, Fort Wayne & Chicago Railroad Co., 12 Id. 99; Faust *et al. v.* The Passenger Railway Co., 3 Phila. Rep. 166; Yost *v.* Philadelphia & Reading Railroad Co., 29 Leg. Int. 85; Danville, Hazleton & Wilkesbarre Railroad Co. *v.* The Commonwealth, 23 P. F. Smith 38. The charter of the company authorized it to lay down as many tracks as they may deem necessary. This implied the right to construct sidings, and included the right to take public streets, although not so stated in express terms. The damages were consequential, and the company was not responsible therefor: Monongahela Navigation Co. *v.* Coons, 6 W. & S. 101; Henry *v.* Pittsburgh & Allegheny Bridge Co., 8 Id. 85; Monongahela Navigation Co. *v.* Coon, 6 Barr 382; Reitenbaugh *v.* Chester Valley Railroad Co., 9 Harris 100; Faust *et al. v.* Passenger Railway Co., *supra;* Watson *v.* The Pittsburgh & Connellsville Railroad Co., 1 Wright 479; Snyder *v.* Pennsylvania Railroad Co., 5 P. F. Smith 340; Green *v.* Borough of Reading, 9 Watts 382; O'Connor *v.* Pittsburgh, 6 Harris 187; Clarke *v.* Birmingham & Pittsburgh Bridge Co., 5 Wright 147. It was not within the constitutional power of the legislature to impose such a liability as that contained in the Act of 14th April 1864, and that act is, therefore, unconstitutional and void: Pennsylvania Railroad Co. *v.* Riblet, 16 P. F. Smith 164; City of Erie *v.* Erie Canal Co., 9 Id. 174; Monongahela Navigation Co. *v.* Coons, *supra;* Bank of Pennsylvania *v.* Commonwealth, 7 Harris 151; Brown *v.* Hummel, 6 Barr 92; Iron City Bank *v.* Pittsburgh, 1 Wright 340. The company never accepted the Act of April 14th 1864, and is not bound by its provisions: Hays *v.* Commonwealth, 1 Norris 522; Ahl *v.* Rhoads, 3 Id. 325; Green *v.* Biddle, 8 Wheat. 1. If said act was valid, it was repealed by the Act of July 22d 1864.

[Cake *v.* Phila. & Erie Railroad Co.]

The right of appeal existed under the Acts of 19th February 1849, 27th April 1855, and April 9th 1856.. The tenth and eleventh sections of the Act of February 1849 were extended to the company by the Act of April 14th 1864, and included the right of appeal. The latter act may be considered as incorporated with the former: Dwarris on Statutes 189. The plaintiff sought redress under the provisions of the Act of 1849, and he must necessarily take with the privileges thereunder the conditions annexed thereto, which include the right of appeal.

Mr. Justice TRUNKEY delivered the opinion of the court, June 25th 1878.

Among the privileges granted by Act of April 3d 1837 was not that of appropriating a public highway. Section 5 of the supplement of March 27th 1852 gave the right to change the site of a turnpike or public road, when necessary, and required the company to reconstruct the same in as perfect a manner as the original road, and pay the damages caused by change of location. Not till 1864 did the legislature authorize the taking of a street or alley in a city or borough for the use of this corporation. In that year two acts were passed, one extending the tenth and eleventh sections of the Act of February 19th 1849 to the Philadelphia and Erie Railroad, the other giving power to the "company to take and appropriate such property, however occupied, as they may deem expedient, for the use and construction of depots, sidings, turnouts, water-ways, workshops and other improvements along or immediately connected with their line, that may, in their opinion, be needful for the prosecution of the business to be done on said Philadelphia and Erie Railroad." The latter, approved July 22d, does not repeal the former, unless the two are inconsistent or repugnant.

It is urged that "property," in the Act of July 22d 1864, includes public highways. The course of previous legislation for this railroad does not show that such was the intent, but rather induces belief that private property only is within this supplement. Under the Act of 1837, when the company crossed a public way, it was required to construct and maintain a causeway or bridge; under the Act of 1852, when it takes a turnpike or public road, it is bound to make another as good; and if, under the Act of January 14th 1864, it should occupy a street or alley, it will be liable for ample compensation to owners of adjoining lots for damages caused by excavation or embankment. All legislation for this defendant contemplates payment of full damages for property taken. This is noticeable in the proviso to the Act of July 1864. Yet if that act confers the right to take streets and alleys in cities and boroughs, a principal street may be destroyed for all use except for the railroad, the public greatly injured, owners of lots and buildings deprived of the means of ingress and egress, and

the company not be liable for a dollar toward compensation for the ruin. The literal meaning of the phrase "property, however occupied" does not stop with streets, but includes cemeteries, county and city grounds and buildings, and everything else which the company, in its opinion, may deem expedient to take. Possessed of no such powers when constructing the main line, the interpretation asked for this act would leave no place sacred from appropriation for its turnouts and workshops. By all authority no lax construction of grants to corporations is required against public interest and individual rights. The Act of July 22d enlarges the grant by Act of January 14th in a number of respects, such as authorizing the company to take places of public worship and dwelling-houses without the owner's consent for its sidings, depots and the like. It may be reasonably construed as enacted for this purpose. No presumption can be made that the legislature purposely transcended their authority; and even if the Act of January 14th was not binding on the company, without its acceptance, it may be considered in ascertaining the intendment of the later act. We are of opinion that the right to take streets and alleys in cities and boroughs, for the use of the company, is not given by the Act of July 22d 1864.

The Act of January 14th 1864, is to be considered precisely as if the tenth and eleventh sections of the Act of 1849 were copied therein at length. If accepted by the company it became a part of its charter, as did other supplements to the Act of 1837. Extending a part of the general statutes to the company excluded all other parts. "The naming of one is an exclusion of the other." The charter gave no right of appeal from an award of viewers to appraise damages. The proceedings in this case were before the Act of June 13th 1874, Pamph. L. 283, and are unaffected by it.

The company took, appropriated and are still using the street. The plaintiff instituted proceedings for appraisement of damages, as provided by Act of January 14th 1864. Perhaps the company had its option to refuse the tenth section as unconstitutional and invalid, or to accept it. Perhaps the eleventh section, relating to remedy, was valid without acceptance. As we view this cause these questions need no discussion. The parties do not claim that the street was unlawfully taken by the company, nor that its occupation has been a continuous nuisance. Each puts the case on the basis that the street was rightfully appropriated. Neither interest nor policy induces the one to say it took and keeps without right, and there is little motive for the other to bring an action which could be successfully answered by the statute. In making the embankment in the street, the company became liable for damages, and the person entitled pursued the prescribed remedy. If there was no cause for setting aside the award of viewers it was final as to both. Exceptions were filed by the company and, after argument, were disal-

[Cake v. Phila. & Erie Railroad Co.]

lowed by the court. That adjudication is not here for review. No right of appeal was given to either party, and the first assignment of error is well taken.

Judgment reversed, and the appeal from report of viewers is stricken off. The record ordered to be remitted for further proceedings.