# In re Opening of Pearl Street.

1. When one sells and conveys lots according to a plan which shows them to be on streets, he must be held to have stamped upon them the character of public streets. This is sufficient to prove a dedication of the street to public use.

2. Not only can the purchasers of lots abutting thereon assert this character of public streets, but all others in the general plan may assert the same. The proprietor is in no condition to revoke this dedication afterwards.

[In re Opening of Pearl Street.]

January 22d, 1886.   Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett, Green, and Clark, J. J.

Certiorari to the Court of Quarter Sessions of *Philadelphia county:* Of January Term, 1885, No. 351.

The record showed the following: May 23d, 1883, on petition, the court appointed a jury of six to view and report upon the propriety of opening Pearl street. This jury qualified, proceeded to perform their duties, and reported to the court February 21st, 1884, that "in their judgment the state of improvements in the neighborhood, as well as the convenience of adjacent properties, make it necessary and proper that the said Pearl street should now be opened upon the lines laid down upon the city plan."

It was alleged and argued before the jury that Pearl street, between Thirty-fourth and Thirty-fifth streets, had been dedicated to public use, and therefore no damages should be awarded to those who now claimed the land, viz., the estate of Robert Steen, William Sellers *et al.*

The jury found and reported to court—

1. Pearl street is laid out upon the confirmed plans of the city of Philadelphia, thirty feet wide between Thirty-fourth and Thirty-fifth streets, as laid out upon the plan hereto annexed.

2. By deed, dated July 17, 1856, in Deed Book R. D. W., No. 88, page 149, &c., Charles Ingersoll *et al.*, trustees of the one part, granted and conveyed to Richard Smethurst of the other part, a lot or piece of ground described, *inter alia:* "thence north along the west side of Thirty-fourth street, including a street, thirty feet in width, extending westward from Thirty-third to Thirty-fifth street."

3. Pearl street is identical in width and location with the thirty feet street referred to in the foregoing deed of conveyance.

4. By deed, dated May 6th, 1859, duly recorded, Richard Smethurst and wife granted to Robert Steen a portion of said lot, a piece of ground, described as follows: "Beginning at the southeast corner of Baring street and Thirty-fifth street, thence extending southward on a line parallel with Thirty-fourth street, one hundred and ninety-three feet to the middle of a certain thirty feet wide street extending from Thirty-third to Thirty-fifth streets, thence westward along the middle of the said thirty feet wide street one hundred and ninety feet ten and three eighth inches to the east side of Thirty-fifth street, and thence northward along the east side of said Thirty-fifth street one hundred and ninety-three feet six and one eighth inches, to the place of beginning.

5. In the year 1860 the late Robert Steen improved the

property described in the above deed by erecting dwelling houses on the Baring street front, and also two houses known as twin houses Nos. 315 and 317 N. Thirty-fifth street, fronting on said Thirty-fifth street, and so arranged with reference to the line of Pearl street, that the front on Thirty-fifth street, when Pearl street is open, will be, for No. 315 N. Thirty-fifth street, thirty feet two and three eighth inches, and for 317 N. Thirty-fifth street, thirty feet. Since the houses have been built there has always been maintained by the said Steen or his estate a fence on the middle line of Pearl street, extending to the east line of his property, and that portion of the bed of Pearl street fifteen feet wide has been used as a part of the side yard of premises 315 N. Thirty-fifth street.

6. By a deed, dated June 14th, 1866, recorded June 19th, 1866, in Deed Book L. R. B. No. 188, page 442, Richard Smethurst and wife conveyed to William Sellers and John Sellers, Jr., all that certain lot or piece of ground in the Twenty-fourth ward of the city of Philadelphia, beginning at the northeast corner of Powelton avenue (formerly called Callowhill street) as now opened of the width of eighty feet, and Thirty-fifth street, thence extending eastward along the north side of said Powelton avenue four hundred and thirteen feet eleven and seven eighth inches to the west side of Thirty-fourth street, thence northward along the east side of said Thirty-fourth street (including a street thirty feet in width, extending westward from Thirty-third to Thirty-fifth streets on a line parallel with Powelton avenue, the southernmost line of which thirty feet wide street is at the distance of one hundred and seventy-eight feet north of said Powelton avenue) three hundred and eighty-six feet to the south side of Baring street, thence westward along the south side of said Baring street two hundred feet, thence southward parallel with said Thirty-fourth street by ground now or late of Robert Steen, one hundred and ninety-three feet to the middle of said thirty feet wide street; thence westward along the middle of said thirty feet wide street one hundred and ninety-nine feet ten and three eighths inches to the east side of said Thirty-fifth street; thence south along the same one hundred and ninety-three feet six and one eighth inches to the place of beginning (being part of a large lot of ground which Charles Ingersoll et al., trustees, granted and conveyed unto the said Richard Smethurst in fee), together with all and singular the ways, streets, alleys, passages, etc., etc.

7. All of the land covered by the last mentioned conveyance has been subdivided and by mesne conveyances granted and conveyed to the several registered owners whose names appear on their respective subdivisions in the plan hereto

annexed. The land south between Powelton avenue and Pearl street is vacant and unimproved. The Baring street fronts are improved with dwelling houses from Thirty-fourth to Thirty-fifth streets.

8. The jury, under the facts herebefore stated, have not recognized any dedication of Pearl street, because they found none, certainly not previous to the Steen title; and believing that they have the power to inquire as to the damages before determining the primary question of opening the street, they have accordingly covered the entire question, rather than to subject the city to the expense of another jury, which might be asked for that purpose.

They therefore assessed and reported damages to be paid to the sureties of the Steen estate and to the other property-holders.

The city of Philadelphia excepted to the report of Viewers, and filed the following returns:

1. Because by deed, dated July 17th, 1858, recorded in Deed Book R. D. W., No. 88, page 149, &c., Charles Ingersoll *et al.*, trustees, &c., granted and conveyed to Richard Smethurst (grantor of the late Robert Steen, now deceased), the land situate between and bounded by Callowhill, Baring, Thirty-fourth and Thirty-fifth streets, describing by metes and bounds "a street thirty feet in width, extending westward from Thirty-third street to Thirty-fifth street on a line parallel with said Callowhill street (the southernmost side of said thirty feet wide street is at the distance of 178 feet north of said Callowhill street), being identical with Pearl street, and the said street was thereby dedicated to public use.

2. Because the estate of Robert Steen, deceased, holds title to the land for the taking of which damages have been awarded, subject to the public right of way over said thirty feet wide street from Thirty-third to Thirty-fifth streets.

William Sellers, John Sellers, and other property owners on this line of Pearl street, also excepted, as follows:

1. To so much of the report of said jury as relates to the consideration and determination by the jury of the question of damages for the opening of the said street and apportionment of benefits by reason of such opening.

2. To so much of the report of said jury as finds that the owners of the property, late of Robert Steen, deceased, will sustain damages to the net amount of $1,711.

3. To so much of the finding of said jury as awards the said sum of $1,711 to the trustees of the estate of said Robert Steen, deceased.

4. To so much of the finding of said jury as directs the payment of said damages, or any part thereof, by the following

[In re Opening of Pearl Street.]

owners of property abutting on said Pearl street, between Thirty-fourth and Thirty-fifth streets, to wit: Elizabeth A. Emory, Lewis Emory, Jr., Jessie S. Colton, Enoch Lewis, William Sellers *et al.*, Everett Webster, Henry K. Smith, William G. Steel, Caroline A. Laughlin, Elizabeth C. Halliday, Harriet M. Claxton.

5th. To the finding of said jury that the said Pearl street was not dedicated to the city as and for a public street of the width of thirty feet from Thirty-third street to Thirty-fifth street.

6th. To the award of any damages by reason of the opening of the said street.

By opinion, filed October 21st, 1884, MITCHELL, J., overruled and dismissed the first exception of William Sellers and others, holding that the Act of May 14th, 1874, P. L. 174, in reference to the opening of roads and the duties of Viewers, applies to the county of Philadelphia.

After hearing, the Court made the following decree:

And now, this twenty-eighth day of January, 1885, this court having by decree of October 21st, 1884, overruled and dismissed the first exception filed by William Sellers et al., and this matter having been argued upon the report of the jury of view and exceptions thereto filed on behalf of the City of Philadelphia and of William Sellers et al., it is ordered, adjudged and decreed, that the first and second exceptions filed by the City of Philadelphia be sustained, and that the second, third, fourth, fifth and sixth exceptions filed by William Sellers et al. be sustained; and the court being of the opinion that by reason of the facts found by the jury of view, as to the covenants by the grantors of Robert Steen, and as to the recitals in the deeds of conveyances by said grantors, referring to a thirty feet wide street, now known as Pearl Street, there is no right in the owners of the property late of said Robert Steen to recover damages for the opening of said Pearl Street.

It is further ordered and decreed that the report of the jury of view finding that Pearl Street shall now be opened upon the lines laid down upon the city plan to public use as a highway of the City of Philadelphia be confirmed, and said street as laid down on said plan is ordered to be opened.

The trustees of Robert Steen thereupon took this writ of certiorari, assigning for error the sustaining of the several exceptions and the decree.

*Robert H. McGrath (D. R. Patterson* with him), for the plaintiffs in error.—The assignments of error present practically but one question: "Has the land in the bed of Pearl Street, between Thirty-fourth and Thirty-fifth Streets, been dedicated to public use?"

Now, while no particular form or ceremony is necessary in the dedication of land to public use, the assent of the owner is required; and also the fact of the land being used for the purposes intended, by the appropriation.    User is not essential if there is assent, but the intention to dedicate must exist, either express or implied:  City of Cincinnati *v.* White, 6 Peters, 440; In re 32d Street, 19 Wend, 128; Jarvis *v.* Dean, 3 Bingham, 447; Griffin's Appeal, 42 Leg. Int., 437.   A careful examination of the case will show that the facts of this case, the grant of a lot on a street laid out but not opened, were held not to be a dedication to public use, and the claimant was entitled to damages for the value of the land taken for the street.

This is also the view taken by the court In re Thirty-Second Street, 19 Wendell, 128, 130; Schenley *v.* City of Allegheny, 12 Casey, 59, 62, where the street had been opened and used, and the continued use permitted :  Transue *v.* Sell. 14 W. N. C., 397, where the alley, " was actually opened and used for several years as a public alley :"  Kopf *v.* Utter, 5 Out., 27, where there had also been a user of the street :  In re Story Street, 11 Phila., 456.

In re Berks Street, 38 Leg Int., 252, where the evidence showed the land of the street for many years had been abandoned to the public, and for thirteen years no taxes had been paid on it.

City *v.* Ash, 38 Leg. Int., 292, the description was " to a street intended to be opened," together with the use of said street, etc.   It was held a dedication because the deed calls for a street the free use of which is granted, and because the testimony of the owner of the land showed that he had set apart the street to public use, and the subsequent owner took it with knowledge of the fact.

It is submitted, however, that the question presented by this record has been decided In re Forbes Street, 20 P. F. S., 137 ; see also In re Thirty-second Street, 19 Wend., 128.

*John G. Johnson* (*Joseph R. Rhoads* with him), for defendants in error.—It has always been thought that the mention of a street as a boundary amounted to a dedication, although there is a reason for the mention in such a case, apart from an intention to dedicate.   What possible reason was there in the present case to mention the street in the description of a line which commenced south and ran north of it?

In our case the street was not on the public plan at the date of the deed to Steen, and there was not even that reason for referring to it.

When one who is the proprietor of the portion of the town

in which the lands he sells and conveys the lots according to a plan which shows them to be on a street or alley, it creates an implied covenant of the existence of the street or alley: Transue *v.* Sell, 14 W. N. C., 397; Trutt *v.* Spotts, 6 Norris, 341.

In Birmingham *v.* Anderson, 12 Wright, 258, it was said: "It has been the practice in this country in laying out towns to have the plat surveyed and a plan made in accordance with the survey, designating the streets, public squares, and open spaces left for streets, wards, or any other public purpose. The streets, squares, and open spaces are thus dedicated to the public by the proprietors of the soil, whether they be the State or private individuals."

The careful opinion of Judge ALLISON, In re Story Street, 11 Philadelphia, 456, cites many valuable authorities on this subject, and decides that the sale of a lot, part of a larger tract, bounded by a street, amounts to a dedication of the site of such street to the public use.

In Baker *v.* Chester Gas Company, 23 P. F. Smith, 117, it was held that conveyances recognizing a street amounted to a dedication of the same.

In Schenly *v.* The Commonwealth, 12 Casey, 52, dedication to the public use was inferred from the making of leases and deeds which called for the street.

*Wm. H. Addicks* and *Chas. F. Warwick*, for the city of Philadelphia, presented the following: And now, January 22d, 1886, on behalf of the city of Philadelphia, it is respectfully suggested that the record in this cause presents a question of jurisdiction in the court below, to wit, the power of said court to appoint a jury of view upon petition under the Act of 1836, and cognate statutes in that part of the County of Philadelphia, late the District West Philadelphia, with power in said jury to perform the functions both of a jury to lay out or open, and of a jury to assess damages in one and the same proceeding.

This question is raised by the dismissal of the first exception of William Sellers et al., and the sustaining of the first and second exception of the City of Philadelphia, and the orders and final decree which it is prayed may be finally affirmed.

They asked that they might be heard upon the matter.

The court declined to hear them, holding that they had no standing in the case.

The opinion of the court was filed February 1st, 1886.

PER CURIAM. The evidence was sufficient to prove a dedication of the street to public use: Trutt *v.* Spotts, 87 Pa. St., 341; Transue *v.* Sell, 14 W. N. C., 397.

To hold otherwise would enable the proprietor of a body of lands which he sells in lots to perpetrate a gross fraud. When he sells and conveys the lots according to a plan which shows them to be on streets, he must be held to have stamped upon them the character of public streets.

Not only can the purchasers of lots abutting thereon assert this character, but all others in the general plan may assert the same. The proprietor is in no condition to afterwards revoke this dedication.

It follows that there is no error in the conclusion at which the court arrived, nor in the decree which it made.

Judgment affirmed.