## HERBERT et al. v. RAINEY.

### (Circuit Court, W. D. Pennsylvania. December 14, 1892.)

### No. 30.

1. DEDICATION—DESCRIPTION IN DEED—NUISANCES.

The owner of a tract of land laid it out in lots and streets, and conveyed to D. (whose title passed to the plaintiffs) two of the lots, described in the deed as lots of the plan, and as abutting on a street, and then conveyed the tract, as a whole, to the defendant; the deed to him reciting the previous deeds to D., and excepting the land thereby conveyed. The defendant commenced to erect coke ovens wthin the lines of the street directly in front of the plaintiffs' lots and close to their dwelling house. *Held*, (a) that by the conveyance to D. the street called for as a boundary was irrevocably dedicated as a public way for the use of the owners of said two lots, and that the defendant was affected with notice, and could not interfere with the plaintiffs' use thereof; (b) that the contemplated coking operations would be a hurtful and dangerous nuisance to the plaintiffs' property; and on both grounds the plaintiffs were entitled to equitable relief.

2. CIRCUIT COURTS—JURISDICTIONAL AMOUNT.

The plaintiffs' allegation contained in the bill, as to the amount of the threatened damage to their property, is here the criterion of jurisdiction; it appearing that the claim made is not colorable, nor so extravagant as to be beyond a reasonable expectation of its allowance by a judicial tribunal.

3. SAME.

Where life tenants and remainder-men join as plaintiffs in a bill seeking a preventive remedy against threatened injury to, and destruction of, the corpus of the estate, their case falls within the principle that if several persons have a common, undivided interest, although separable as between themselves, the amount of their joint interest is the test of jurisdiction.

In Equity. Bill by George W. and Thomas Herbert and others against W. J. Rainey to enjoin the erection and maintenance of a nuisance. Decree for complainants.

Edward Campbell and J. M. Garrison, for the motion.
George Shiras, Jr., and George Shiras, 3d, opposed.

ACHESON, Circuit Judge. The Youghiogheny River Oil Company, being the owner of a tract of land containing 34 acres, in or shortly before the year 1872, laid out the land into lots and streets, and called the place the town of Sedgwick. The streets were marked on the ground by stakes, and a draft or plan of the town was made by the company, and exhibited by its agent. This plan, it would seem, has been lost or mislaid.

By deed dated March 5, 1872, and duly recorded on October 29th of the same year, the company conveyed to Elizabeth Dean one of the town lots, described in the deed as "all that lot or piece of ground situate in the new town of Sedgwick, Tyrone township, Fayette county, state of Pennsylvania, numbered in the plot of said town No. one, (1,) containing, on Front street, fifty-four feet six inches, and running back along Sedgwick street, two hundred feet, to Second street;" and by deed dated September 16, 1873, and duly recorded, said company conveyed to said Elizabeth another of the town lots described in the deed as lot numbered 2 in the plan of

the town of Sedgwick, containing, on Front street, 54 feet 6 inches, and running back, between lots numbered 1 and 3, 200 feet, to Second street. Shortly after her purchase of these lots of ground, Elizabeth Dean erected thereon a frame dwelling house located at the corner of Front and Sedgwick streets; the house fronting on Front street, and running back along Sedgwick street.

By deed dated September 16, 1873, and duly recorded, the said company conveyed to Margaret Herbert lots numbered 7 and 8, in said town plan, each containing 54 feet 6 inches on Front street, and running back 200 feet to Second street.

By deed dated December 11, 1879, the Youghiogheny River Oil Company conveyed to the defendant, W. J. Rainey, all the residue of the said land. This deed, in its premises, recites:

"And whereas the said the Youghiogheny River Oil Company did convey at sundry times part of the same premises, to wit, a small piece or parcel of land containing fifty-four feet six inches front, (fronting toward the Pittsburgh and Connellsville railroad,) and extending back the same width a distance of two hundred feet, to Elizabeth Dean, deed dated March 5th, A. D. 1872. Also a small piece or parcel of land adjoining the above-described piece of land, containing fifty-four feet six inches frontage extending back the same width a distance of two hundred feet, to Elizabeth Dean, by deed dated September 16th, 1873."

Then ensues a similar recital of the conveyance to Margaret Herbert, with a like reference to the deed to her. The deed to the defendant then proceeds to convey to him the tract of land by a general description, but with the following exception clause:

"Exempting, however, therefrom the several pieces or lots of land hereinbefore mentioned as having been granted and conveyed by the said the Youghiogheny River Oil Company unto Elizabeth Dean and Mrs. Margaret Herbert."

About the year 1885 George W. Herbert and Thomas Herbert, two of the plaintiffs, purchased the said two lots numbered 1 and 2 in the plan of the town of Sedgwick, and on November 30, 1885, by deed of that date from one Cochran, and under certain prior conveyances, they acquired the title, and succeeded to the rights, of Elizabeth Dean under the above-recited deeds from the Youghiogheny River Oil Company to her. George and Thomas then granted to their parents, Henry and Margaret Herbert, the other two plaintiffs, an estate for their lives, and the life of the survivor of them, in and to said two lots; and the latter are in possession thereof, living in the dwelling house already mentioned. Shortly before the bringing of this suit the defendant located, and he was then proceeding to erect a number of coke ovens upon and along Front street, immediately in front of the plaintiffs' said lots, and their dwelling house thereon, for the purpose of continuously burning coal therein, and manufacturing coke. The bill charges that the erection and operation of these coke ovens, as proposed by the defendant, would be a permanent and continual trespass upon the plaintiffs' lots, and injury to their dwelling house, a permanent obstruction to their ingress and egress into and out of their said premises, and a nuisance thereto, by producing smoke, flame, and heat continuously so near to said premises as to render the same uninhabitable; and the bill

prays for an injunction. A preliminary injunction was granted by Judge Reed, and the case is now before the court upon plenary proofs for final disposition.

The truth of the above-recited allegations of the bill is indisputably established by the evidence. Not only is the location of the proposed coke ovens within the lines of Front street, as laid out in the plan of the town of Sedgwick, but the ovens would be not over two feet from the plaintiffs' house. If erected, they would cut off the plaintiffs from access to, and egress from, their house by way of Front street, while the operation of the ovens would not only expose the house to constant danger from the flames, but the smoke, gases, and heat therefrom would make the house totally unfit for occupancy, would also kill the fruit trees on the premises, and render the whole property nearly, if not altogether, valueless.

The legal principles applicable to the facts of the case are plain, and need little discussion. A conveyance of a lot of ground bounded by a public street gives to the grantee title in the soil to the middle of the street, if the grantor had title, (Paul v. Carver, 26 Pa. St. 223; Transue v. Sell, 105 Pa. St. 604;) but, even where the fee in the street called for as a boundary is not thus conveyed, a right of way over it passes with the lot, as an appurtenance necessary to its enjoyment, (Ott v. Kreiter, 110 Pa. St. 370, 1 Atl. Rep. 724.) Where, upon the sale of a lot, the deed refers tŏ a plan, it becomes a material and essential part of the conveyance, and is to have the same effect as though copied into the deed, (Birmingham v. Anderson, 48 Pa. St. 253;) and a call in the deed for streets in the plan amounts to a dedication of them to the use of the purchaser as public ways, (Ferguson's Appeal, 117 Pa. St. 426, 11 Atl. Rep. 885;) and this is so even if the streets are not yet opened, (Id.) For when the proprietor of a body of land sells and conveys the same in lots according to a plan which shows the lots to be on streets, he must be held to have impressed upon them the irrevocable character of public streets; and not only can the purchasers of the abutting lots assert this character, but so can all other lot owners in the general plan. In re Opening of Pearl Street, 111 Pa. St. 565, 5 Atl. Rep. 430.

The reference in the Youghiogheny River Oil Company's deed to the defendant to the earlier deeds from that company to Elizabeth Dean was positive notice to the defendant of those prior deeds, and full knowledge of the provisions thereof is imputable to him when he took title. Bellas v. Lloyd, 2 Watts, 401; Steckel v. Desh, 12 Wkly. Notes Cas. 130; Birmingham v. Anderson, supra; McKee v. Perchment, 69 Pa. St. 342, 350. The defendant thus stands affected with notice of his grantor's plan of the town of Sedgwick, of the existence of Front street as laid down thereon, and the relation of lots numbered 1 and 2 in the plan to that street. The defendant, therefore, can no more question the plaintiffs' right to the free and unobstructed use of Front street, or interfere with their exercise of that right, than could the Youghiogheny River Oil Company itself. Now, a court of equity will protect a party entitled to a right of way in its enjoyment, by restraining the erection of permanent obstructions on the roadway or street, (Appeal of Hacke & Hugus,

101 Pa. St. 245; Ferguson's Appeal, supra; Shipley v. Caples, 17 Md. 179;) and we think the plaintiffs' legal right is sufficiently clear to bring them within the principle of these authorities. It is true that, in the absence of the town plan, there may be some question as to the exact width of Front street, although the evidence now before us would justify the conclusion that it is 60 feet wide. But the line of the street, on the side next the plaintiffs' house, is clearly fixed, and whatever may be its true width, undoubtedly, the site selected by the defendant for his coke ovens is part of the street, and, if built as located, their proximity to the plaintiffs' house will cut it off from the street.

But, independently of this encroachment on Front street, the proofs show that the plaintiffs are menaced with a permanent and most hurtful nuisance, against which they are entitled to equitable relief. Any business, however lawful in itself, which, as to a dwelling house, near which it is carried on, causes annoyances which materially interfere with the ordinary physical comfort of human existence, is a nuisance which should be restrained. Rodenhausen v. Craven, 141 Pa. St. 546, 21 Atl. Rep. 774; Ross v. Butler, 19 N. J. Eq. 294; Cleveland v. Gaslight Co., 20 N. J. Eq. 201; Pennsylvania Lead Company's Appeal, 96 Pa. St. 116. Not only are such evils incident to the threatened coking operations, but the contemplated business will be dangerous and destructive to the plaintiffs' property, and the injury of a continuing character, for which the common-law forms of action furnish no adequate remedy. The plaintiffs' rights are clear, and therefore a previous trial at law is not a prerequisite to equitable interference. Id.; Wood, Nuis. 777.

The jurisdiction of the court, however, is challenged upon the ground that the sum or value of the matter in dispute is below our jurisdictional limit. But no such cause of objection appears upon the face of the bill; for it is alleged therein that if the defendant should erect his coke ovens on Front street, and operate the same, as contemplated by him, the damage to the plaintiffs' house and lots would be more than $2,500. Now, in actions ex delicto, where the law does not fix the amount recoverable, the plaintiffs' claim is the criterion of jurisdiction, unless it appears to the satisfaction of the court that the amount of damages stated is colorable, and has been laid beyond the amount of a reasonable expectation of recovery. Wilson v. Daniel, 3 Dall. 401; Barry v. Edmunds, 116 U. S. 550, 561, 6 Sup. Ct. Rep. 501; Gorman v. Havird, 141 U. S. 206, 11 Sup. Ct. Rep. 943. But the evidence before us is convincing that the above-recited allegation of the bill was made in perfect good faith. There is abundant evidence tending to sustain the truth of the averment. The proofs entirely satisfy us that there was here no purpose to create or state a case colorably within our jurisdiction. The plaintiffs' ante litem valuation of their property was $2,500, and we think this estimate was honestly made. A number of witnesses fix that sum as a fair valuation. Most certainly the plaintiffs' claim is not so extravagant as to be inconsistent with good faith, or beyond a reasonable expectation of its allowance by a judicial tribunal. True, the witnesses on the one side greatly differ from the witnesses

on the other side in their estimates, as is not uncommon where the value of real estate is concerned.    But upon the whole evidence a jury or a master might well find the plaintiffs' property to be worth over $2,000.    We are then of the opinion that this suit does "really and substantially involve a dispute or controversy properly within the jurisdiction" of the court, even if we confine our attention exclusively to the question of the value of the plaintiffs' property, which the bill seeks to preserve from a destructive nuisance.

But the defendant, in an affidavit on file in the cause, has stated that the continuance of the injunction would damage him "many thousands of dollars."    Now, in Railroad Co. v. Ward, 2 Black, 485, 492, a suit in equity to abate a nuisance, it was ruled that the want of a sufficient amount of damages suffered by the plaintiff to give the court jurisdiction would not defeat the suit, if the value of the object to be attained, namely, the removal of the nuisance, was up to the jurisdictional sum.    And in Market Co. v. Hoffman, 101 U. S. 112, the value of the right, the exercise of which was enjoined, was held to be a test of jurisdiction.    Whether, then, regard be had to the plaintiffs' property, the preservation of which is here involved, or to the defendant's use of his projected coking plant, sought to be restrained, in either view the matter in dispute exceeds the sum or value of $2,000, exclusive of interest and costs.

We have only to add that the defendant's further objection to our cognizance of this case, based upon a supposed aggregation of distinct interests existing in the life tenants and remainder-men in order to give the jurisdictional amount, is unfounded.    The plaintiffs are not here suing for damages to their respective estates, but they seek a preventive remedy against the injury and destruction of property in which they have a common interest.    Perhaps either the life tenants or the remainder-men, acting alone, might have maintained this bill for the preservation of the corpus of the estate, but their joinder as co-owners was proper.    Adams, Eq. *315.    As the plaintiffs have a common interest, and seek a common object, their case falls within the principle that if several persons have a common and undivided interest, though separable as between themselves, the amount of their joint interest will be the test of jurisdiction.    Shields v. Thomas, 17 How. 3;  Rodd v. Heartt, 17 Wall. 354;  Clay v. Field, 138 U. S. 464, 11 Sup. Ct. Rep. 419;  Railway Co. v. Parker, 143 U. S. 42, 12 Sup. Ct. Rep. 364.    A decree will be entered in favor of the plaintiffs.