## South Western State Normal School.

*Corporations—Extension of corporate privileges—Strict construction.*

Acts extending corporate privileges are to be construed most strongly against the company setting them up, and whatever is not unequivocally granted must be taken to be withheld. The power must be given in plain words, or by necessary implication. All powers not given in this direct and unmistakable manner are withheld.

*Eminent domain—Corporations—State Normal School—School law.*

The Act of July 10, 1901, P. L. 632, gives no authority to a state normal school to condemn a public street opened on its own land, and over which the public have had passage for over twenty-one years.

A public street is a public franchise, and is not such property as a corporation may take for its own use under the general power of eminent domain. It is a franchise which cannot be violated, except by express legislative authority.

Argued April 19, 1904.    Appeal, No. 55, April T., 1904,

by South Western State Normal School, from order of C. P. Washington Co., May T., 1902, No. 13, dismissing petition for approval of bond In re Acquisition of Real Estate for Campus Purposes by the South Western State Normal School.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Petition for approval of bond in the matter of acquisition of real estate for campus purposes by the South Western State Normal School.

The prayers of the petition were as follows:

1. That the bond in the sum of $1,000 filed by said petitioners be approved by the court and directed to be filed.

2. That the title to the real estate described in said petition, freed of any easement or right of way over said premises on account of the location of the streets and alleys thereon, be declared to be in the petitioner, subject to the payment of such damages as may be agreed upon or assessed according to law.

The court, in an opinion by McILVAINE, P. J., found the facts as stated in the opinion of the Superior Court, and made an order dismissing the petition.

*Error assigned* was the order of the court.

*T. F. Birch*, for appellant.—Ground and land are synonymous in law, Ferree v. School District, 76 Pa. 376, and in all the decisions that we have been able to discover an easement is included in the term " lands " so far as the condemnation thereof for a public use may be authorized: Phillips v. St. Clair Incline Plane Co., 153 Pa. 230 ; P. W. & B. R. R. Co. v. Williams, 54 Pa. 103 ; Broket v. O. & P. R. R. Co., 14 Pa. 241 ; Smedley v. Erwin, 51 Pa. 445 ; Market Co. v. R. R. Co., 142 Pa. 580 ; Edgewood R. R. Co.'s App., 79 Pa. 257 ; Windsor Glass Co. v. Carnegie Co., 204 Pa. 459.

*W. S. Parker*, with him *Winfield McIlvaine*, for appellee.— It is res adjudicata that prior to the act of 1901, these schools did not possess the essential qualities of a public corporation, or exist directly for the public use : McLeod v. Normal School Assn., 152 Pa. 575.

The sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the streets shall be forever open to the use of the public, and operates as a dedication of them to public use : Quicksall v. Philadelphia, 177 Pa. 301; Smith v. Switch, etc., Co., 17 Pa. Superior Ct. 444 ; Trickett's Boro. Law, 328 et seq.

The rights acquired by the public in this highway are sufficient to prevent its condemnation in this proceeding to which the public is not made a party, independent of any defect in the act of 1901.

OPINION BY HENDERSON, J., July 28, 1904 :

This is a proceeding under the Act of July 10, 1901, P. L. 632, authorizing the condemnation of real estate needed for the use of state normal schools. The prayer of the petition is that the title to the real estate within the boundaries set forth be declared to be in the petitioner freed from any easement or right of way over the premises on account of the location of streets and alleys thereon.

In 1873 L. W. Morgan laid out an addition to the town of California outside of the borough limits. The land included in the plan was divided into thirty-six lots with streets and alleys connected therewith. A copy of the plan of lots was recorded in the office of the recorder of deeds of the county. The petitioner purchased a block of twelve of these lots prior to July, 1901. The other lots were sold to different persons. The plan of lots attached to the petition shows that a street fifty feet wide extends from the Monongahela river through the middle of the whole block of lots and connects with a public road. The Monongahela River Consolidated Coal and Coke Company owns the six lots nearest to the Monongahela river and C. W. Yarnall owns three lots near the middle of the block, all of which lots front on the street referred to. The coal and coke company has a coal tipple, a coal siding, several houses and other improvements on its lots adjoining the river and the only outlet it has to any public road is over this street. Access is also had to the Yarnall lots by the same means. The township authorities never formally accepted the street, but it was used by the owners of the lots abutting thereon and by the public as a highway for more than twenty-one year prior to

the passage of the act of 1901. The petitioner is the owner by purchase of lots Nos. 10 to 15 fronting on one side and Nos. 28 to 33 fronting on the other side of this street. The object of the present proceeding is to close that part of the street and the alleys connected therewith on which these lots front in order that the petitioner may have exclusive possession of the street to be used in connection with the grounds occupied as a campus.

It is not claimed that prior to the act of 1901 a normal school had the right of condemnation now set up. That act provides that when the board of trustees of any state normal school deems it necessary " to enlarge the area of the real estate upon which the buildings of such normal school are erected " and cannot agree with " the owner or owners of land they wish to acquire as to its purchase or occupancy," they may enter upon and occupy sufficient ground for the purpose " which they shall mark off not exceeding two acres." The second section of the act provides for the appointment of viewers who, after having viewed the ground " shall estimate and determine the quantity and value of the said land so taken to be used for the purposes aforesaid."

If we concede that the act is a valid investiture of state normal schools with power to condemn real estate, without an express limitation of the land so condemned to public use, such legislation being in derogation of private rights should be strictly construed. " No lax construction of the grants to corporations is required against public interest and individual rights:" Cake v. Philadelphia and Erie Railroad Co., 87 Pa. 307. Acts extending corporate privileges are to be construed most strongly against the company setting them up and whatever is not unequivocally granted must be taken to be withheld : Pennsylvania's Railroad Company's Appeal, 93 Pa. 150 ; Groff's Appeal, 128 Pa. 621. The power must be given in plain words or by necessary implication. All powers not given in this direct and unmistakable manner are withheld: Com. v. E. & N. E. R. R. Co., 27 Pa. 351.

Does then the act of 1901 authorize the proceeding now sought to be enforced ? An inspection of the statute makes it very clear that in legislative contemplation the " ground " or " land " to be taken was other than the land of the petitioner,

and that the subject of condemnation was "ground" or
"land." A method was thereby established for securing a
limited enlargement of the "area of the real estate upon which
the buildings of the said normal school are erected." A bond
is required to be approved by the court of common pleas of the
county "in which such lands are situated;" and the viewers
are to determine "the quantity and value of the said land so
taken."

In the case under consideration the petitioner is already the
owner of the land upon which the highway is located and
seeks by this proceeding not to condemn the land of another
owner but a public right of way over its own land. That a
right of way may be appropriated is undoubtedly true, but our
attention has not been called to any case in which a right of
way has been taken except in connection with the land over
which the right of way exists.

We agree, therefore, with the conclusion of the learned
judge of the court below that the act of 1901 does not author-
ize the act sought to be accomplished in this case.

There is another objection to the proceeding, however, which
we regard as insuperable. The attempt is to appropriate a
public street without any apparent necessity so to do. It was
held in Heckerman v. Hummel, 19 Pa. 64, that the dedication
of streets and alleys in laying out a plan for a town is a con-
tract with the public and in Quicksall v. Phila., 177 Pa. 301,
that the sale of lots according to a plan which shows them to
be on a street implies a grant or conveyance to the purchaser
that the street shall be forever open to the public and operates
as a dedication of it to public use. The right to the purchaser
is not the mere right that he may use the street but that all
persons may use it. Where one conveys lots according to a
plan which shows them to be on streets, he must be held
to have stamped on them the character of public streets: In
re Opening of Pearl Street, 111 Pa. 565. The same doctrine
was reasserted in Woodward v. Pittsburg, 194 Pa. 193.

The "easement" which the petitioner seeks to condemn is a
public street made so not only by the dedication of the owner
of the land who established the plot and sold lots in accord-
ance therewith, but also by continuous use by the public for
more than twenty-one years. That franchises are subject to

eminent domain has been determined in numerous cases, but it is as certainly declared that they cannot be taken without authority clearly expressed or by necessary implication. It was held in Pittsburg Junction R. R. Co.'s Appeal, 122 Pa. 511, that while a franchise is property and as such may be taken by a corporation having the right of eminent domain, yet in favor of such right there can be no implication unless it arises from a necessity so absolute that without it the grant itself would be terminated. It must also be a necessity that arises from the very nature of things over which the corporation has no control. It must not be a necessity created by the company itself for its own needs or for the sake of economy. To the same effect is Groff's Appeal, supra; Cake v. P. & E. R. R. Co., supra; Stormfeltz v. Manor Turnpike Co., 13 Pa. 555.

In the case of a street or highway, however, something more than necessity is required to authorize an appropriation. A public street is a public franchise and is not such property as a corporation may take for its own use under the general power of eminent domain. It is a franchise which cannot be violated except by express legislative authority: Pa. R. R. Co.'s Appeal, supra. No direct legislative grant authorizes the appellant to appropriate the street nor if the subject were a private franchise has any absolute necessity for its condemnation been disclosed. We are therefore of the opinion that the authority asserted does not exist and that the conclusion of the learned judge of the court was correct.

The decree is affirmed.