## South Western State Normal School's Case.

*Deed—Plan of lots—Streets and alleys—Dedication.*

A sale of lots according to a plan implies a grant or covenant to each purchaser that the streets and alleys on the plan shall be forever opened to the use of the public, and operates as a dedication of them to public use. Such dedication cannot be revoked by the vendor, and the purchaser of each lot abutting on one of the streets or alleys, as well as all other persons purchasing and owning lots on the plan, may assert the public character of the streets and alleys, and the right of the public to use them.

*Eminent domain—State normal school—Condemnation of streets—Act of July 10, 1901, P. L. 632.*

There is nothing in the Act of July 10, 1901, P. L. 632, which authorizes a state normal school to condemn for a campus, streets and alleys dedicated by a plan of lots to public use.

Property already devoted to public use is subject to eminent domain and may be taken for other public uses; but, while this is true, it cannot be taken without legislative authority expressly conferred or arising by necessary implication.

Argued Oct. 20, 1905. Appeal, No. 16, Oct. T., 1905, by Southwestern State Normal School, from judgment of Superior Court, April T., 1904, No. 55, affirming judgment of C. P. Washington Co., May T., 1902, No. 13, dismissing petition for approval of bond in In re Acquisition of Real Real Estate for Campus Purposes by the South Western State Normal School. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition in condemnation proceedings for approval of bond. Appeal from judgment of Superior Court.

The facts appear by the opinion of the Supreme Court and by 26 Pa. Superior Ct. 99.

*Error assigned* was the decree of the Superior Court.

*T. F. Birch*, for appellant, cited : Long v. Fuller, 68 Pa. 170 ; Jessup v. Loucks, 55 Pa. 350 ; Pittsburg & L. E. R. R. Co. v. Bruce, 102 Pa. 23 ; P. W. & B. R. R. Co. v. Williams, 54 Pa. 103 ; Brocket v. Ohio & Penna. R. R. Co., 14 Pa. 241 ; Smedley v. Erwin, 51 Pa. 445 ; Market Co. v. R. R. Co., 142 Pa.

580 ; Edgewood R. R. Co's. App., 79 Pa. 257 ; Windsor Glass Co. v. Carnegie Co., 204 Pa. 459.

*Norman E. Clark*, with him *W. S. Parker* and *Winfield McIlvaine*, for appellee, cited : McLeod v. Central Normal School Assn., 152 Pa. 575 ; Market Co. v. R. R. Co., 142 Pa. 580 ; Quicksall v. Philadelphia, 177 Pa. 301 ; Smith v. Switch & Signal Co., 17 Pa. Superior Ct. 444 ; Trickett's Boro. Law, 328 et seq.

OPINION BY MR. JUSTICE BROWN, January 2, 1906 :

The facts in this case appear in the opinion of the Superior Court, 26 Pa. Superior Ct. 99, and need not be repeated here. In its petition to the court below, the South Western State Normal School set forth that a plot of thirty-six lots, known as Morgan's Addition to California, Pa., and recorded in the office of the recorder of deeds for Washington county, was lately laid out by Lewis W. Morgan, and lots were sold therefrom with reference to certain streets and alleys marked upon the said plan ; that it had purchased twelve of these lots for campus purposes ; that through them run Main street, fifty feet wide, and other streets and alleys of different widths, all being on the said plan ; that after it had purchased these lots it proceeded to condemn the streets and alleys running through them and adjoining them on the north and south, and prayed, first, for the approval of its bond to secure to the owners of other lots on the plot having rights of way or easements over the said streets and alleys the damages sustained by its condemnation of them ; and, second, that the title to the real estate, which it held within the boundaries described in its petition, be decreed to be free of any easement or right of way on account of the location of the said streets and alleys thereon, subject to the payment of such damages as may be agreed upon or assessed according to law. The petition was filed under the Act of July 10, 1901, P. L. 632, authorizing the condemnation of real estate needed for the use of state normal schools. Whether the act is invalid for the reason that the ground which it authorizes to be so taken is not for a public use, is not the question raised in this proceeding. It is whether the appellant is authorized by the act to do what it has undertaken to do.

. The sales of the lots according to the Morgan plan, which showed them to be on streets and alleys, implied a grant or covenant to each purchaser that the streets and alleys should be forever open to the use of the public, and operated as a dedication of them to public use. Such dedication cannot be revoked by the vendor, and the purchaser of each lot abutting on one of the streets or alleys, as well as all other persons purchasing and owning lots on the plan, may assert the public character of the streets and alleys and the right of the public to use them : Transue v. Sell, 105 Pa. 604 ; In re Opening of Pearl Street, 111 Pa. 565 ; Quicksall v. Philadelphia, 177 Pa. 301. The finding of the court below is that Main street has been used by the public as well as the lot owners for over twenty-one years as a way of access to and from the Monongahela river. What the appellant seeks to do is not to take land belonging to and in the use of a private owner, but is to condemn property already dedicated to public use and used by the public as public highways, and to devote the same to what it claims to be another public use. Property already devoted to public use, including franchises, is subject to eminent domain, and may be taken for other public uses ; but, while this is true, it cannot be so taken without legislative authority expressly conferred, or arising by necessary implication : Groff's Appeal, 128 Pa. 621. There is no such express power conferred upon the appellant by the act of 1901, and surely none exists by implication in view of our cases upon power arising by implication. Of this power it is clearly and forcibly said by Mr. Justice GORDON : " This plea of necessity is so frequently used to cover infractions of both public and private rights that, prima facie, it is suspicious, and must be closely scrutinized, especially where it is used to carry corporate privileges beyond charter limits. This plea, in the first place, must be tested by the rule, now of universal acceptation, that all acts of incorporation, and acts extending corporate privileges, are to be construed most strongly against the companies setting them up, and that whatever is not unequivocally granted must be taken as withheld. This rule is to be held in all its rigor where the attempt is so to construe a corporate grant as to interfere with a previous grant of the same kind : Packer v. The Railroad Co., 7 Harris, 211. It is true that a franchise is

property, and, as such, may be taken by a corporation having the right of eminent domain, but in favor of such right there can be no implication unless it arises from a necessity so absolute that, without it, the grant itself will be defeated. It must, also, be a necessity that arises from the very nature of things, over which the corporation has no control; it must not be a necessity created by the company itself for its own convenience or for the sake of economy. To permit a necessity, such as this, to be used as an excuse for the interference with, or extinction of, previously granted franchises would be to subject these important legislative grants to destruction on a mere pretense, in fact, at the will of the holder of the latest franchise : " Pennsylvania Railroad Co's. Appeal, 93 Pa. 150.

For the reason that the appellant has not been authorized to condemn the streets and alleys set forth in its petition, the decree of the Superior Court affirming the decree of the court below is affirmed, with costs to the appellee.