INHABITANTS OF EASTHAMPTON *vs.* COUNTY COMMISSIONERS OF HAMPSHIRE.

Hampshire.    September 15, 1891. — September 23, 1891.

Present: ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Town Way — County Commissioners — Eminent Domain — Taking Property devoted to Public Use.*

County commissioners may take a strip of land from a schoolhouse lot for a needed town way, where the use of the lot for school purposes, though considerably impaired, will not be wholly prevented.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners of Hampshire in laying out a town way, upon the refusal of the road commissioners of Easthampton so to do. *Knowlton,* J. reserved the case for the consideration of the full court. The case appears in the opinion.

*D. Hill,* for the petitioner.

*W. G. Bassett,* for the respondent.

HOLMES, J. The short question before us is whether county commissioners can take a strip of land from a schoolhouse lot for a town way. Taking the strip will injure the lot considerably for school purposes, but will not prevent its use, so far as appears. We must assume that the way is necessary, and, if it be material, we must assume that taking this strip is reasonably

necessary for the way, whoever may be the final judge on the latter question when it is raised.

The case thus presented lies in the doubtful region between two extremes which are free from doubt. Ordinarily, a highway or railroad could not be laid out longitudinally over a previously established railroad or highway by virtue of general statutory powers, or without special authority from the Legislature. *West Boston Bridge* v. *County Commissioners*, 10 Pick. 270, 272. *Springfield* v. *Connecticut River Railroad*, 4 Cush. 63, 71. *Boston & Maine Railroad* v. *Lowell & Lawrence Railroad*, 124 Mass. 368, 371. On the other hand, in the absence of special regulations and by virtue of a general authority to lay out such roads, necessary crossings could be made. When we come to more difficult cases, we derive little aid from the varying statements of general principles under which authority will be implied to take land for a second public use. *Wellington, petitioner*, 16 Pick. 87, 105. *Boston & Maine Railroad* v. *Lowell & Lawrence Railroad*, 124 Mass. 368, 370. *Providence & Worcester Railroad* v. *Norwich & Worcester Railroad*, 138 Mass. 277, 279. *Boston & Albany Railroad* v. *Boston*, 140 Mass. 87, 89.

We must consider the relative importance and the necessities of the two uses generically, the extent of the harm to be done, accept any light that history may throw, and make up our minds under all the circumstances of the particular case as best we can. To put cases nearer to the present, and lying between the two extremes which we have mentioned, it would be a strong thing to say that, without special circumstances, county commissioners or other like officers, acting under general powers, could lay out a highway through a public reservoir so as to ruin it. See *State* v. *Montclair Railway*, 6 Vroom, 328 ; and as further examples on this side, *In re Boston & Albany Railroad*, 53 N. Y. 574 ; *Prospect Park & Coney Island Railroad* v. *Williamson*, 91 N. Y. 552. On the other hand, if a tract of land were held for public purposes, which was so broad that it was impracticable to go round it, and which could be crossed without serious harm by the edge of a stream that flowed through it, it well might be held lawful for the way to cross it. See *Wood* v. *Macon & Brunswick Railroad*, 68 Ga. 539. The proviso of our act of 1834, c. 187, § 1, the original of the Pub. Sts. c. 82, §§ 29, 30, implies very clearly that

any " railroad or other public easement already located " through a graveyard was located lawfully. The law seems to be different in Connecticut. *Evergreen Cemetery Association* v. *New Haven*, 43 Conn. 234. When it is considered that very large tracts of land often are appropriated to school purposes, (see St. 1782, Oct. 3, 1 Mass. Spec. Laws, 33, 34; St. 1784, March 23, 1 Mass. Spec. Laws, 72; St. 1791, March 11, 1 Mass. Spec. Laws, 303; St. 1792, Nov. 17, 1 Mass. Spec. Laws, 399; and St. 1801, March 3, 2 Mass. Spec. Laws, 425,) it is impossible to accept an unqualified rule that no part of such land can be taken for a way under any circumstances without an express enactment. In the only case which we have found precisely parallel to this, it was held that the strip was lawfully taken from the school lot. *Rominger* v. *Simmons*, 88 Ind. 453. See also *Indiana Central Railway* v. *State*, 3 Ind. 421, 425.

The converse case of an attempt to place a schoolhouse within the limits of a highway is by no means so strong. Apart from any comparison of the two public uses, usually there can be no necessity for the selection of such a place, since there is a much greater freedom of choice as to where a schoolhouse shall be put than as to where roads shall run; but to show the views which have prevailed in Massachusetts, we quote the following from Records of the Governor and Council, Vol. VII. page 291, in 1 Prov. Laws, (State ed.) 363 : " November 9th, 1702. The motion presented in writing by Nathl. Byfield and Ebenezer Brenton, Esqrs., for a resolution of this question : viz. whether the setting up a court house or school house, in the street of any town within this Province, where the street is so wide as to leave not less than twenty-five foot clear for passage on each side of sd. edifice, be not allowable within the true meaning and intent of the act entitled ' An act to prevent encroachments upon highways, streets, &c.,' and of the proviso in the said act? was returned from the Representatives; with the concurrence of that House to the Resolve past thereon by the Board on the 4th currt., to wit : Resolved, that the above building, being of public use, and within the reason of the proviso in the said act, and that the erecting of the same shall be accounted by this court no breach of the said act. Which resolve is consented to. J. Dudley."

The act in question was the Prov. St. of 1698, c. 2, 1 Prov. Laws, (State ed.) 311. Very plainly, schoolhouses were not saved by the proviso, but they were read in by the foregoing resolve. If the present case had been presented, we think the answer would have been more unhesitating still.

*Petition dismissed.*