UNITED STATES v. CITY OF TIFFIN et al.

(Circuit Court, N. D. Ohio, W. D.   September 28, 1911.)

No. 2,269.

EMINENT DOMAIN (§ 47*)—CONDEMNATION PROCEEDINGS—RIGHTS OF GENERAL GOVERNMENT.

> The rule that land in public use cannot be taken for another and inconsistent public use under general legislative power of condemnation, but that the right must appear, to seize the particular property, by express provision directed toward the special property, in some pertinent legislation or be the inevitable implication arising from such legislation, does not apply to a proceeding by the United States to condemn a portion of a public alley for a post office site; the comparative importance of the contending public uses under such circumstances being a matter for judicial determination.
>
> [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 107–120; Dec. Dig. § 47.*
>
> Nature and extent of power of United States to condemn property for public use, see note to Town of Nahant v. United States, 70 C. C. A. 653.]

Proceedings by the United States against the City of Tiffin and others to condemn a portion of a public alley for a post office site.   On demurrer to petition.   Overruled.

U. G. Denman, Dist. Atty., for United States.

E. G. Staley and Willis Bacon, for defendant City of Tiffin.

KILLITS, District Judge.   This is an action to condemn a portion of a public alley in the city of Tiffin for a post office site.   The govern-

ment in its petition recites the organization of the municipality of Tiffin, the dedication to the city of the plotted ground of which this alley is a part, the fact that by act of Congress the Secretary of the Treasury was authorized and directed to acquire by purchase, condemnation, or otherwise a site in said city for a post office, and that under the laws of the United States the Secretary of the Treasury had determined that the land in question was necessary to such a site, the action having been brought in conformity to the provisions of Act Aug. 1, 1888, c. 728, 25 Stat. 357 (U. S. Comp. St. 1901, p. 2516), the manner of pleading, as provided by that act, following the laws of Ohio in such case. The abutting landowners, who appear from the petition to have a special interest in the alley in question, have not demurred, but have answered, waiving all claims to the maintenance of the alley. The city of Tiffin demurs to the petition on the grounds, among others, that there is no jurisdiction in the court, that the plaintiff has no legal capacity to sue in this action, and that the amended petition does not state facts sufficient to constitute a cause of action.

The whole contention, and the only question argued, is that neither an act of Congress nor an act of the Legislature has expressly authorized the condemnation of this plot of ground already dedicated to public use, and the only proposition offered in support of the demurrer is the rule that land in public use cannot be taken for another and inconsistent public use under general legislative power of condemnation, but the right must appear, to seize this particular property, by express provision directed toward the special property, in some pertinent legislation or be the inevitable implication arising from such special legislation. This rule is established and the numerous authorities which support it are collated in a note on page 614 of 15 Cyc. The attempt to apply the rule, however, in this case ignores the difference in status between the United States in its relation to lands sought to be devoted to public use and the parties attempting to condemn in the cases giving rise to the rule.

The United States has paramount authority in the matter of taking any property within its borders for those public uses which are within the constitutional reservations to the general government. Its rights in this behalf are inherent in its sovereignty, and are prior to constitutions and statutes. The Constitution does not operate to create this right, but only to limit its exercise to certain objects. The several states for their own administrative purposes within their own borders hold authority of the same generally broad and extraconstitutional nature. The principle of strict construction of either the nature or extent of this right applies to neither sovereignty for the reason that such right is a very part of the sovereignty itself, existing from the beginning. This does not mean, however, that no power may intervene to prevent arbitrary action, for such power certainly abides with the courts.

The rule offered in behalf of the city of Tiffin, on the other hand, is one which is the fruit of the application of the doctrine of strict construction of the power to invoke the principle of eminent domain granted by the Legislature to inferior public administrative corporations and to combinations of individuals who are engaging for their own profit in a public service. Because obligations for the public benefit are

imposed upon municipal and public service corporations in the administration and conduct of their affairs, to them is delegated this attribute of sovereignty, which they can exercise only within the express provision of the legislative delegation strictly construed.

An examination of the cases which support the rule in question shows that in each in which the right to condemn was denied the attempting condemnor was a municipal or a private public service corporation, which was vanquished by the application in this particular sense of the general principle that the legislative grant to it of a right to condemn must be strictly construed. No authority is shown, either in the briefs or in our own researches, in which the rule is applied against the sovereignty which it was established to protect. The Legislature, speaking the voice of paramount authority over all property, private as well as public, may, it is conceded, authorize the submission of property already in the public use to another public use, even when the conflicting public uses are those exercised by private public service corporations, if it specially determines upon such a course by particular legislation, and the rule invoked but operates to hold this right in the sovereign power until it clearly appears to have been given to some creature of the sovereignty, such as a municipal or public service corporation. The rule, having existence only to protect the sovereign power against its creatures, plainly, we think, may not consistently be offered to obstruct the supreme authority in the exercise of its administrative and sovereign functions.

The petition in this case, as required by the Ohio practice, to which it is required to conform by the federal statutes above cited, shows a plat of the property sought to be condemned. The record, as we have said, suggests that the abutting owners who have a special interest in the maintenance of the alley are yielding their claims to the government. The city of Tiffin, then, stands here objecting, to protect the general and indefinite right of the public to the use of this alley. The plat shows that the blocking of the alley will not, in fact, deprive any resident of the city of Tiffin of any very material right, as his means of access to all the surrounding territory will be but slightly inconvenienced thereby. These facts, to be sure, have nothing to do with the decision of the legal question, but we take them up as illustrative of the absurd extent to which the rule, if it were applicable, could be enforced. Assuming the rule is applicable, then the government, after Congress had passed the necessary general legislation to establish a post office in this particular city, and the Secretary of the Treasury had exercised the semijudicial function cast upon him by law to determine the necessity of any particular plot of ground and had selected this strip of alley, the maintenance of which is of very slight consequence to the city of Tiffin at large, would be compelled to await a session of Congress and reopen the whole matter for the purpose of getting an act passed specially designating this alley as one of the component parts of the site. It seems to us the statement of that proposition is all that is necessary to prove that the sovereign power ought not to be so hampered, and that the rule, having its birth in a jealousy for the rights of sovereignty, should not be extended to embarrass the object of its service.

We believe that all there is in this case is for a determination by judicial consideration of the comparative importance of the contending public uses involving this plot of ground (In re Certain Land in Lawrence [D. C.] 119 Fed. 453), and that the demurrer should be overruled, with exceptions.