In the Matter of the Proceeding under the GRADE CROSSING ELIMINATION ACT, for the Elimination of the Existing Highway-Railroad Crossing at Grade of the Railroad of THE DELAWARE AND HUDSON RAILROAD CORPORATION (Owning and Operating the Railroad Formerly of The Delaware and Hudson Company) and MAIN STREET (County Highway No. 849) in the Village of Altamont, Albany County.   (Case No. 5359.)

THE DELAWARE AND HUDSON RAILROAD CORPORATION, Appellant, v. PUBLIC SERVICE COMMISSION, Respondent.*

Third Department, December 30, 1931.

* Appeal dismissed, 259 N. Y. ——.

*Joseph Rosch* [*Alfred D. Kelly* of counsel], for the appellant.

*Charles G. Blakeslee* [*Sherman C. Ward* of counsel], for the respondent Public Service Commission.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden, Assistant Attorney-General,* of counsel], for the respondent State Department of Public Works.

RHODES, J. The Public Service Commission, by the orders appealed from, has directed the elimination of the grade crossing in the village of Altamont, N. Y., where the tracks of the appellant intersect Main street. For the purpose of clarity Main street will be described as running north and south and the railroad as running east and west. These directions are not strictly accurate but are sufficiently so for the purposes here. At the crossing there are three tracks; the middle one is the main track, the other two are sidings which join the main track at points 215 and 350 feet easterly of the crossing. The station of the appellant is north of the tracks and east of Main street. The Commission has ordered the construction of the underpass and the laying out of a new strip of road relatively parallel to and about 55 feet east of the existing crossing, which will cut off a portion of appellant's land near the west end of its station. Main street forms a connecting link over which flows traffic from much-traveled State roads. The cost of elimination is estimated at $240,000. The appellant offered two plans, one providing for an overhead crossing about 780 feet east of the existing crossing, the estimated cost of which is $126,000, and the other proposes an overhead crossing at about 220 feet west of the present one, the estimated cost of which is $154,000. After the making of the first order referred to a rehearing was granted on the petition of the appellant, after which the second order was made which, with some changes and estimated reduction in cost, confirms the previous order.

The appellant claims that the orders made are beyond the power of the Commission in that they result in an unlawful taking of property permanently devoted to a public use without specific legislative authority, and destroy and materially impair the use of such properties for railroad purposes. It is true that where property has previously been devoted to a public use by a corporation having the power of eminent domain, it cannot be taken by

another corporation to which has been delegated the power of condemnation unless the authority so to do has expressly or by necessary implication been conferred by the Legislature, and this rule applies to municipalities as well as to public service corporations. (See *Chicago, M. & St. P. R. Co.* v. *Incorporated Town of Lost Nation*, 237 Fed. 709; *Prospect Park & C. I. R. R. Co.* v. *Williamson*, 91 N. Y. 552; *Matter of New York, L. & W. R. Co.*, 99 id. 12; *N. Y. C. & H. R. R. R. Co.* v. *City of Buffalo*, 200 id. 113; *Matter of City of New York [Saratoga Avenue]*, 226 id. 128; *Matter of City of New York [Newport Avenue]*, 218 id. 274; *Matter of City of Buffalo*, 68 id. 167.) But this rule has no application where the taking is by the sovereign. The rights to retake are inherent in its sovereignty and are prior to constitutions and statutes. (*United States* v. *City of Tiffin*, 190 Fed. 279; *People* v. *Adirondack R. Co.*, 160 N. Y. 225; affd., 176 U. S. 335; *Adirondack R. Co.* v. *Indian River Co.*, 27 App. Div. 326.)

The matter before us is the taking by the sovereign itself acting through its duly constituted agency, the Public Service Commission, by authority of the Grade Crossing Elimination Act.

Appellant further insists that even if the taking of its property is authorized, such power is limited and does not permit the condemnation of that part of its property consisting of railroad yards, depot grounds and other land unless it can be done without destroying or materially impairing the use of the property for railroad purposes. Here also the conclusive answer is that the taking is by the sovereign for the purposes of its sovereignty. A striking example of the power of the State is the case of *Erie R. R. Co.* v. *Public Utility Comrs.* (254 U. S. 394). There the Public Service Commission directed a change in fifteen places in the city of Paterson, N. J., where the railroad crossed that number of streets at grade. It was claimed that the cost to the company would be over $2,000,000 and that it had no more than $100,000 available therefor; that the order would constitute an unwarrantable interference with interstate commerce and impair the obligation of contracts and a taking of the company's property without due process of law and that the order was unreasonable. The court said: " If it reasonably can be said that safety requires the change it is for them to say whether they will insist upon it, and neither prospective bankruptcy, nor engagement in interstate commerce can take away this fundamental right of the sovereign of the soil. *Denver & Rio Grande R. R. Co.* v. *Denver*, 250 U. S. 241, 246. To engage in interstate commerce the railroad must get on to the land and to get on to it must comply with the conditions imposed by the State for the

safety of its citizens. Contracts made by the road are made subject to the possible exercise of the sovereign right. * * * If the burdens imposed are so great that the road cannot be run at a profit it can stop, whatever the misfortunes the stopping may produce."

A similar question was involved in the case of *Lehigh Valley R. R.* v. *Commissioners* (278 U. S. 24), where a proposed grade crossing elimination would entail an expense of over $300,000 and the alternative plan of the railroad, rejected by the Commission, would have saved the company over $100,000, the rejection being because the railroad plan involved curves and deep cuts deemed dangerous to travel. The order of the Commission was affirmed. The court said: " This is not to be construed as meaning that danger to the public will justify great expenditures unreasonably burdening the railroad, when less expenditure can reasonably accomplish the object of the improvements and avoid the danger. If the danger is clear, reasonable care must be taken to eliminate it and the police power may be exerted to that end. * * * If it is seriously contended that the cost of this grade crossing is such as to interfere with or impair economical management of the railroad, this should be made clear."

In the matter before us it is not made to appear that the expenditure required will unreasonably cripple the appellant's finances, nor that the increased difficulties of operation due to the change of grade and other physical changes are insurmountable, but even assuming all these facts to be true, under the authorities cited the orders of the Commission were within the limits of the power of the sovereignty.

The line of demarcation between the power of the Commission to act without judicial interference and the power of the courts to review, is established and clearly defined. The order may be vacated as unreasonable if it is contrary to some provision of the Federal or State Constitution or laws, or if it is beyond the power granted to the Commission, or if it is based on some mistake of law, or if there is no evidence to support it, or if having regard to the interests of both the public and the carrier, it is so arbitrary as to be beyond the exercise of a reasonable discretion and judgment. (*People ex rel. N. Y. & Queens Gas Co.* v. *McCall*, 219 N. Y. 84; affd., 245 U. S. 345.)

No question is raised as to the appellant's full opportunity to be heard. Therefore, in the matter of procedure, the appellant cannot complain for want of due process of law. (*People ex rel. N. Y. & Queens Gas Co.* v. *McCall*, *supra*.)

Sufficient competent evidence being adduced before the Commission upon which its orders were based, the court may not substi-

tute its judgment for that of the Commission as to the wisdom or policy of the orders complained of, or analyze or balance the evidence. It may determine only whether after a fair hearing the action of the Commission is arbitrary or capricious. (*Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320.)

Here it is claimed that the alternative proposals of the appellant would, if carried out, create dangerous traffic conditions. The Commission having weighed all the facts, its determination as to the means of elimination is, upon the record presented, conclusive.

The orders appealed from should be affirmed.

All concur.

Orders affirmed, with costs.