UNITED STATES v. 546.03 ACRES, MORE OR LESS, OF LAND SITUATE IN UN-ION TP., BEDFORD COUNTY, PA.

No. 8909.

District Court, W. D. Pennsylvania.

Feb. 14, 1938.

C. F. Uhl, U. S. Atty., and Stanley Granger, Asst. Atty., both of Pittsburgh, Pa., and Warren E. Magee, Sp. Asst. Atty., Lands Division, Department of Justice, of Washington, D. C.

Charles R. Mock and Jno. H. Jordan, both of Bedford, Pa., and Wm. A. Jordan, of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

On October 8, 1937, the Secretary of the Interior filed in this case a declaration of taking land in this district. The same day judgment was entered on such declaration by this court. The same day also the United States attorney filed a petition for the condemnation of this land, and thereupon the court fixed November 17, 1937, as the time when parties in interest might plead, answer, or otherwise reply to the petition. On November 16, 1937, William Claar, an interested party, appeared in the proceedings and moved to quash the petition for the reasons: (1) That the acts of Congress and executive orders cited as authority for the taking gave no such authority; (2) the state of Pennsylvania has not authorized the taking. On January 26, 1938, after the argument of the motion to quash, Claar presented two additional reasons for quashing the petition: (1) The acts of Congress cited as authority for the taking are unconstitutional and void; (2) the executive orders referred to in the petition are likewise unconstitutional and void.

The petition recites that the lands in question located in Bedford County, Pa., are taken, "for the conservation of natural resources, the prevention of soil erosion, forestation and reforestation, the preservation of scenic beauty, the building of foot trails, roadways, cabins, shelters and other structures and improvements necessary and appropriate to provide public facilities for picnicking, camping, fishing and other recreational activities, and the protection and development of other lands of the United States adjacent to and intermingled with the lands hereinafter described."

The petition also recites the following: "That the Secretary of the Interior, pursu-

ant to law, has ascertained that the following, land is necessary for the purposes of said Acts and as for use in connection with the Blue Knob Project, and that the development of the said lands and the aforesaid construction of the useful public improvements thereon will afford relief, work relief and will reduce and relieve unemployment."

The petition further recites that William Claar and Jane Claar offered in writing to sell these lands to the United States, and that each of the offers so made contains the following paragraph: "It is understood and agreed that, if the Attorney General determines that the title should be acquired by the United States by judicial procedure, either to procure a safe title or to obtain title more quickly or for any other reason, then the compensation to be claimed by the owners, and the award to be made for said lands, in said proceedings shall be upon the basis of the purchase price herein provided."

The petition further recites that the Secretary of the Interior has determined that it is to the interest of the United States to acquire title to these lands by condemnation under judicial proceedings.

■ The defendant William Claar, in argument of his motion to quash, asserts (1) he is not estopped to make this action by reason of the fact that the government did not accept his offer to sell all of the lands contained in his offer to sell, electing to take only three of the tracts included in his offers to sell; (2) the Secretary of the Interior is given no authority either by law or executive order to condemn the lands in question; and (3) the act of Congress, if it does give such authority, is unconstitutional and void.

As to the first proposition made by defendant, we need say only that, if the acts of Congress involved do not give authority to condemn, or if they are unconstitutional and void, Claar would not be estopped in condemnation proceedings from raising these questions.

As to the second proposition, i. e., the authority to condemn, the petition to condemn recites the following statutory and executive order as authority for condemning the land involved for use of the land for the Blue Knob Project, a national park project, i. e., title 2 of the Act of June 16, 1933, § 201 et seq., 48 Stat. 200, 40 U.S.C.A. § 401 et seq.; Act of April 8, 1935, 49 Stat.

115; Act of June 22, 1936, 49 Stat. 1608, 15 U.S.C.A. § 728 note; Act of June 29, 1937, Public No. 47, 75th Congress, 50 Stat. 352, 15 U.S.C.A. § 728 note; Executive Order. No. 6252, dated August 19, 1933, 40 U.S.C.A. § 414 note; Executive Order 6983, dated March 6, 1935; Executive Order 7027, dated April 30, 1935; Executive Order No. 2028, dated April 30, 1935; Executive Order No. 7064, dated June 7, 1935, 40 U.S.C.A. § 414 note; and Executive Order No. 7496, dated November 14, 1936.

After a review of these statutes and executive orders, we believe we can properly summarize the situation as to the Blue Knob Project in the following manner:

The Blue Knob Project is a park project, having its origin in the National Park Service of the Department of the Interior. It was adopted into and became a part of the comprehensive program of public works authorized by the National Recovery Act, 40 U.S.C.A. § 401 et seq. The acquiring agencies charged with administering the project have changed; but the project itself is still a part of the comprehensive program of public works and was so listed in the reports submitted to Congress prior to the enactment of the acts of April 8, 1935, and June 29, 1937, which appropriated moneys to finance these projects.

■ The National Industrial Recovery Act provides in part as follows:

"The Administrator, under the direction of the President, shall prepare a comprehensive program of public works, which shall include among other things the following: * * * (c) any projects of the character heretofore constructed or carried on either directly by public authority or with public aid to serve the interests of the general public. * * *

"(a) With a view to increasing employment quickly (while reasonably securing any loans made by the United States) the President is authorized and empowered, through the Administrator or through such other agencies as he may designate or create, (1) to construct, finance, or aid in the construction or financing of any public-works project included in the program prepared pursuant to section 202 [402]; * * * (3) to acquire by purchase, or by exercise of the power of eminent domain, any real or personal property in connection with the construction of any such project." Section 202, 40 U.S.C.A. § 402.

We are of the opinion that this act authorizes the acquiring of the lands in question here by the United States. Potomac Electric Power Co. v. U. S., 66 App.D.C. 77, 85 F.2d 243, certiorari denied 299 U.S. 565, 57 S.Ct. 27, 81 L.Ed. 416; United States v. West Virginia Power Co., 4 Cir., 91 F.2d 611.

Then, too, the submission of full reports of this Blue Knob Project, along with others prior to the Emergency Relief Appropriation Acts of 1935, 1936, and 1937, and the appropriation of additional funds therefor by Congress, would give congressional approval to these projects and the expenditure of money therefor. Isbrandtsen-Moller Co. v. United States, 300 U.S. 139, 57 S.Ct. 407, 81 L.Ed. 562; Swayne & Hoyt, Ltd., v. United States, 300 U.S. 297, 57 S. Ct. 478, 81 L.Ed. 659; U. S. v. West Virginia Power Co., supra.

 As to the third proposition, submitted by Claar, it is perfectly plain to us that the acts of Congress authorizing the condemnation of land involved here are not unconstitutional. As we view the situation, we have a proceeding by the United States in its own right, and by virtue of its own eminent domain, to take land for public purpose. The consent of the state of Pennsylvania is not necessary. Kohl v. United States, 91 U.S. 367, 371, 373, 374, 23 L.Ed. 449; Fort Leavenworth R. R. Co. v. Lowe, 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264; Cherokee Nation v. Kansas Railway Co., 135 U.S. 641, 656, 10 S.Ct. 965, 34 L.Ed. 295; Chappell v. United States, 160 U.S. 499, 509, 510, 16 S.Ct. 397, 40 L.Ed. 510.

It has been held that the United States may condemn state-owned land. C. M. Patten & Co. v. United States, 9 Cir., 61 F. 2d 970; United States v. City of Tiffin, C. C., 190 F. 279; Stockton v. Baltimore & N. Y. R. Co., C.C., 32 F. 9, cited with approval Cherokee Nation v. Kansas Railway Co., 135 U.S. 641, 10 S.Ct. 965, 34 L.Ed. 295; Luxton v. North River Bridge Co., 153 U.S. 525, 532, 14 S.Ct. 891, 38 L.Ed. 808.

 There is no question about the authority of the United States to condemn land for park purposes. That was settled in United States v. Gettysburg El. Ry. Co., 160 U.S. 668, 681, 16 S.Ct. 427, 40 L.Ed. 576. See, also, Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; Rindge Co. v. Los Angeles County, 262 U. S. 700, 707, 43 S.Ct. 689, 692, 67 L.Ed. 1186.

The Blue Knob Project involves also the conservation of natural resources, the prevention of soil erosion, and reforestation, the relief of the unemployed. These are all within the power of Congress. See Missouri v. Holland, 252 U.S. 416, 40 S.Ct. 382, 64 L.Ed. 641, 11 A.L.R. 984; United States v. 2,271.29 Acres of Land, D.C., 31 F.2d 617; United States v. Griffin, D.C., 58 F.2d 674; United States v. Graham & Irvine, D.C., 250 F. 499; Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; Helvering v. Davis, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319; Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327.

Title 2 of the Act of June 16, 1933, the basic statute involved in this case, has also been sustained as constitutional in the following cases: Potomac Electric Power Co. v. United States, 66 App.D.C. 77, 85 F.2d 243; Kansas Gas & Electric Co. v. Independence, 10 Cir., 79 F.2d 32, 100 A.L.R. 1479; Greenwood County v. Duke Power Co., 4 Cir., 81 F.2d 986; Langer v. United States, 8 Cir., 76 F.2d 817; United States v. West Virginia Power Co., 4 Cir., 91 F. 2d 611.

The motion to quash will be denied. An order may be submitted accordingly.